### H. MOORE et als. *v.* W. W. WITHENBURG et als.

In the assessment of damages in a suit upon an attachment bond, the rule is that the plaintiff shall recover the damages actually sustained and no more: unless in a case where the attachment was utterly unfounded and malicious.

Property which is under seizure by the United States Marshal is beyond the reach of the State process so long as the Marshal's possession lasts, and an attachment from a State court is inoperative on property so situated.

APPEAL from the Sixth District Court of New Orleans, *Collins*, J.
*A. N. Ogden & Stansbury* and *R. & H. Marr*, for plaintiffs and appellants. *Semmes & Edwards*, for defendants.

BUCHANAN, J. This is a suit upon an attachment bond, against the principal and surety. The condition of the bond is that the obligors shall pay the obligees all such damages as they or either of them may recover, in case it should be decided that the writ of attachment was wrongfully obtained.

The judgment in the attachment suit having been in favor of the defendants in that suit (plaintiffs in this), was equivalent to a decision that the attachment had been wrongfully obtained.

The plaintiffs appeal from a judgment which has assessed their damages at seventy-five dollars. The rule which governs in this kind of action is, that the

plaintiff shall'recover the damages actually sustained, and no more; unless in a case where the attachment was utterly unfounded and malicious. 9th Rob. 90, id. 418, 2 An. 620.

In the present case, there is no reason to doubt the good faith and probable cause of the attachment suit. The exception to the rule above stated, does not, therefore, apply.

The plaintiffs complain that the defendants' attachment was levied upon the steamboat "Union," at that time their property, and then in the custody of the United States Marshal, in virtue of certain proceedings in admiralty. That they had paid off a portion of the debts for which the boat was seized in the United States court; and had made arrangements for discharging the remainder of the debts-for which she was so seized. But, that, being unable to give security to the satisfaction of the Sheriff for the purpose of releasing the attachment issued from the State Court at the instance of defendant, the consequence was that plaintiffs were unable to procure the release of the seizures in admiralty: so that the steamboat Union was detained in the custody of the United States Marshal until she was sold by order of the admiralty court.

The petition proceeds to state that plaintiffs could and would have procured the release of the Union (had it not been for defendant's attachment), and would have employed her in the carrying of freight and passengers on their own account, or would have let her to others on charter for that purpose, whereby the boat would have yielded to plaintiff not less than two thousand dollars a month.

The evidence shows that there never was any actual seizure of the steamboat Union by the Sheriff under defendants' attachment. When that writ issued, the Union was already in the hands of the United States Marshal. She was beyond the reach of the State process, so long as the Marshal's possession lasted. *Hagan* v. *Lucas*, 10th Peters, 402; 8th Howard, 107; 14th Howard, 52 and 368; 17th Howard, 475. And the Marshal's possession lasted, as stated in the petition, until the Union was sold by him under a decree of condemnation by the admiralty court, to one *John Keller.*

The defendants' attachment was therefore never operative. 6th An., 584; 7th An., 664; 9th An., 311; id. 524. And it becomes unnecessary to examine the evidence in relation to profits which the plaintiff might have realised by the possession of the Union, had she been released from the custody of the United States Marshal. Until released from that custody, the attachment of defendant could interpose no obstacle to plaintiff's possession of the boat. The cause of damage against defendant, which we have copied above from plaintiffs' petition, rested upon a contingency which never happened, namely, the release of the Union from the seizures in admiralty.

· We think the judgment of the District Court has awarded to plaintiffs all the damages that they are entitled to under the circumstances.

Judgment affirmed, with costs.