# Benjamin Berwald, Appellant, *v.* L. L. Ray, Sheriff.

*Attachment under act of* 1869—*Trespass—Acts of March* 17, 1869 *and May* 24, 1887—*Bond—Action.*

An attachment under the act of 1869 was issued against two persons. A rule for judgment for want of a sufficient affidavit of defence was made absolute as to a part of the claim against one of the persons, and discharged as to the other. Execution was issued upon the judgment against the first person, and the goods attached were levied upon. The second person notified the sheriff that the goods were his, but the sheriff, on being indemnified, sold them. The attachment proceedings were subsequently discontinued. *Held*, that the person whose goods were sold had a right to bring an action of trespass against the sheriff for the wrongful selling, and was not confined to an action upon the bond entered in the attachment proceedings.

In such a case the sale of plaintiff's goods was not the result of an attachment against him, but of a judgment and execution against another. It was not in violation of the condition of the bond, but of his rights entirely irrespective thereof.

An action may be maintained on a bond given in an attachment proceeding under the act of March 17, 1869, P. L. 8, as amended by the act of May 24, 1887, P. L. 197, where there has been a failure to prosecute the attachment with effect, or if the attachment has been quashed, dissolved or ended; but recovery in such an action is limited to legal costs, fees and damages sustained by reason of the attachment. .

Argued Oct. 3, 1894. Appeal, No. 108, October Term, 1894, by plaintiff, from judgment of C. P. Venango Co., April Term, 1892, No. 64, on verdict for the defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass against sheriff. Before TAYLOR, P. J.

At the trial it appeared that an attachment under the fraudulent debtors' act of 1869, was issued at the suit of L. & C. Wise against R. Berwald and B. Berwald, defendants. Under it the sheriff seized the goods claimed in the present action by B. Berwald, but which were then in the actual possession of R. Berwald. The bond filed was approved by the prothonotary but not by the court.

A motion was made by defendants to dissolve the attachment, but it was refused by the court. Judgment was entered

against R. Berwald for a portion of plaintiffs' claim; on a motion for judgment for want of a sufficient affidavit of defence, and, by direction of plaintiffs, the sheriff sold the goods seized by him under the writ of attachment. Afterwards, upon the trial of the case for the balance of the claim, it appearing to plaintiffs that both defendants were insolvent, proceedings were discontinued. B. Berwald then brought this suit in trespass against the sheriff, L. L. Ray, for selling the goods taken under the attachment, claiming them to be his. On the trial, the court below directed the jury to find a verdict for defendant, on the ground that B. Berwald's remedy was a suit upon the bond given in the attachment and not an action of trespass against the sheriff.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*J. H. Osmer, A. S. Osmer* and *Breene & Murphy* with him, for appellants.—The action was properly brought against the sheriff: Megee v. Beirne, 39 Pa. 50 ; Rothermel v. Marr, 98 Pa. 285.

A bond in substantial conformity to the requirement of the act prescribing the remedy is a prerequisite to jurisdiction. It must precede the writ and conform substantially to the requirements of the statute: Wade on Att. § 103 ; Bradley v. Kroft, 19 Fed. R. 295 ; Gowan v. Hanson, 55 Wis. 341 ; 1 A. & E. Ency. L. 905, 907 ; act of May 24, 1887, § 1, P. L. 197.

*Robert F. Glenn,* for appellee, cited : Walls v. Campbell, 125 Pa. 346 ; Ricketson v. Com., 51 Pa. 157 ; Rothermel v. Marr, 98 Pa. 285 ; Plunkett v. Sauer, 101 Pa. 356 ; Gunnis, Barritt & Co. v. Cluff, 111 Pa. 512 ; 1 Tidd's Pr. 513 ; Poor v. Colburn, 57 Pa. 416 ; Sherer v. Bank, 33 Pa. 134.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895 :

This action was against the sheriff for selling the goods of the plaintiff under an execution against another person. The learned judge directed a verdict for the defendant, and this is the error assigned. L. & C. Wise caused an attachment under the act of March 17, 1869, to issue against R. Berwald and

B. Berwald under which certain goods contained in a store conducted in the name of B. Berwald and claimed by him as his property were seized. A rule to dissolve the attachment was discharged, and a rule for judgment for want of a sufficient affidavit of defence was made absolute as to a part of the claim against R. Berwald and discharged as to B. Berwald, the plaintiff here. Execution was issued upon the judgment against R. Berwald and the goods attached were levied upon. B. Berwald notified the sheriff that the goods were his, but the sheriff, on being indemnified by the plaintiff in the attachment, sold them. The attachment proceedings were subsequently discontinued, no judgment having been obtained against B. Berwald. The reason assigned by the court for the peremptory instruction to find for the defendant was that the plaintiff's only remedy was by action on the bond given when the attachment issued.

An action may be maintained on a bond given in an attachment proceeding under the Act of March 17, 1869, as amended by the act of May 24, 1887, where there has been a failure to prosecute the attachment with effect, or if the attachment has been quashed, dissolved or ended ; and recovery in such action is limited to legal costs, fees and damages sustained by reason of the attachment. It is a statutory bond, and liability under it cannot be extended beyond its terms. The damages which may be recovered are such as are the natural and usual result of the seizure of goods, as loss of sales and interruption of business, but not such as are indirect or consequential, or punitive : Commonwealth ex rel. Cord v. Magnolia Land and Imp. Co., 163 Pa. 99. The sale of the plaintiff's goods was not the result of an attachment against him, but of a judgment and execution against another. It was not in violation of the condition of the bond, but of his rights entirely irrespective of the bond. An action on the bond could be maintained only for a breach of its condition, and any recovery would be limited to loss resulting from the seizure of the goods. For the unlawful sale of the property his remedy was in trespass, and on the issue raised it was his right to go to the jury.

The assignment of error is sustained and the judgment reversed with a venire facias de novo.