Louisville and Nashville Railroad Company v. Pendleton County.

---

CASE 79—PETITION ORDINARY—JANUARY 29.

96 491
106 624

# Louisville and Nashville Railroad Company v. Pendleton County.

### APPEAL FROM PENDLETON CIRCUIT COURT.

COUNTY LEVY—POWER TO LEVY AD VALOREM TAXES FOR COUNTY PURPOSES.—Under the provisions of the General Statutes the several county courts of the State had no power to levy an *ad valorem* tax for pauper purposes. The provision giving the court power to purchase land for poor-house purposes and to levy a sum sufficient to pay for the land, improvements, etc., means only that the court can levy such taxes as it is authorized by the law to levy for general purposes, which do not include an *ad valorem* tax.

The Kentucky Statutes now confer power on the fiscal courts of the several counties to levy *ad valorem* taxes for general purposes, but these statutes do not apply to this case.

LESLIE T. APPLEGATE AND G. C. LOCKHART FOR APPELLANT.

1. The county court has no power to levy an *ad valorem* tax for pauper purposes. (Gen. Stats , chap. 28, art. 16, sec. 1; *Idem*, chap. 28, art. 17, sec. 1; *Idem*, chap. 27, art. 2, sec. 1; *Idem*, chap. 86, sec. 4; *Idem*, chap. 89, sec. 6; Judge of Campbell County Court v. Taylor, 8 Bush, 208; L. & N. R. Co. v. Commonwealth, 89 Ky., 541.)

2. If the power is given the county to levy this tax the order is defective,

Louisville and Nashville Railroad Company v. Pendleton County.

because it fails to show that the tax was levied for the same purpose named in the statute. (Gen. Stats., chap. 86, sec. 4.)

3. The judgment should not have borne interest even if it was otherwise proper. (L. & N. R. Co. v. Commonwealth, 89 Ky., 541; Ormsby v. City of Louisville, 79 Ky, 197; L. & N. R. Co. v. Pendleton County, 8 Ky. Law Rep., 517.)

L. P. FRYER AND JNO. H. BAKER FOR APPELLEE.

1. The county court had the power to levy the taxes in question. (Gen. Statutes, chap. 86, pp. 1009, 1010; Featherstone v. Thompson, 10 Bush, 140.)

2. The county court alone is to judge of the necessity for such expenditures, and a court of equity will not interfere by injunction with its discretionary power. (High on Injunctions, sec. 763; 1 Dillon Mun. Corp., sec. 58; *Idem*, sec. 396; Jones v. Pendleton County Court, MS. Op., May 28, 1892.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was brought by Pendleton county against the Louisville and Nashville Railroad Company to recover one thousand one hundred and nine dollars and sixty-nine cents, and nine hundred and twenty dollars and twenty-one cents, taxes alleged to be due from the said defendant on account of levies made by the fiscal court of Pendleton county for the years 1891 and 1892, levied for pauper purposes on the property of said defendant in said county. Appellant filed a demurrer to the petition, which demurrer was overruled by the court. Appellant then answered, denying the power of the fiscal court of Pendleton county to levy an ad valorem tax for pauper purposes. Appellee demurred to appellant's answer, which demurrer was sustained by the court, and, appellant failing to plead further, judgment was rendered against it for the sums claimed, with interest and cost. From that judgment appellant has appealed to this court, and insists that the judgment is erroneous.

The principal question in the case is, did the court of Pendleton county have authority to levy an ad valorem tax for pauper purposes? The provisions of the General Statutes were in force at the time the levies in controversy were made. Section 1, article 16, chapter 28, provides that county courts have juris-diction to levy and superintend the collection of the county levy, make provision for the maintenance of the poor, etc.

Section 1, article 17, chapter 28, provides for the justices sitting with the county judge for the transaction of business, which shall be confined to levying the county levy, appropriating money, etc.

These sections do not authorize any ad valorem tax. Section 1, article 2, chapter 27, provides that the county levy shall not exceed three dollars on each tith-able in any one year. Section 4, chapter 86, is relied on by appellee as giving the power claimed. That section simply gives the court power to purchase land for poor-house purposes, and to levy a sum sufficient to pay for the land, improvements, etc. This pro-vision must be held to mean only that the court can levy such taxes as it is authorized by law to levy for general purposes; otherwise the power to tax would be unlimited.

Section 6, chapter 89, of General Statutes, author-izes the levy of an ad valorem tax for purposes of court-house, jail and clerk's office. It is not claimed that the fiscal court of Pendleton county had any powers other than those conferred on the county courts or courts of claims generally.

We are of opinion that the levies in question made

by the fiscal court of Pendleton county were unauthorized by law; and the judgment of the court below is reversed, and cause remanded with directions to sustain the demurrer of the defendant and for further proceedings consistent with this opinion.

The Kentucky Statutes now confer power on the fiscal courts of the several counties to levy ad valorem taxes for general purposes, but these statutes do not apply to this case.