SIMMONS CLOTHING CO. VS DAVIS (WRIGHT, INTERVENER).

Opinion delivered October 6, 1900.

1. *Attachment—Disposition of Attached Property and Proceeds—Intervention—Who May File and When.*

Mansf. Dig. Secs. 334 and 335 (Ind. Ter. Stat. Secs. 356, 357) require that the proceeds arising from sales of attached property shall be kept by the sheriff (marshal) and, if judgment be rendered for the defendant, the attachment shall be discharged and the property or its proceeds returned to him. Mansf. Dig. Sec. 347 (Ind. Ter. Stat. Sec. 369) provides for the disposition of the property when the judgment is for the plaintiff. Under these statutes the court had no authority to order the proceeds of property of the defendant attached by the plaintiff, paid over to the plaintiff before the determination of the question of the ownership of the property; and the intervener was in time with his plea of intervention when filed before the determination of this question, although the proceeds had been, in fact, turned over to the plaintiff. And the plea in abatement interposed by plaintiff upon this ground was properly overruled.

2. *Attachment—Measure of Damages when, Wrongful—Instructions.*

In an action wherein a stock of goods was seized by plaintiff under writ of attachment against the defendant, and same were found to be the property of the intervener, but because of the sale and disposition of the proceeds, could not be turned over to the intervener, the measure of damages he would be entitled to recover, is the value of the property at the time it was seized, with six per cent. interest to the date of the trial; and an instruction that intervener was entitled to recover as damages the amount he would have obtained for the goods in the ordinary course of business in which he was engaged at the time, and that the jury might consider whether he was selling them to customers as they came in or disposing of them at auction, and that the fact that a particular merchant would not have paid this or that amount for them for the purpose of

wholesaling or speculation, did not measure plaintiff's damages, was improper, although in addition the court also practically announced the true rule, for it was confusing and misleading.

Appeal from the United States Court for the Northern District.

WILLIAM M. SPRINGER, Judge.

Action in attachment by the Simmons Clothing Company against W. T. Davis, in which M. M. Wright intervened, and claimed title to the attached property and to the proceeds of a sale thereof. Judgment in favor of the intervener. Plaintiff appeals. Reversed.

The statement of facts is the same as in No. 255, 3 Ind. Ter. (58 S. W. 653) with the following additions: The clerk having failed to copy answer of plaintiff to interplea of Wright, the same was substituted in the record by agreement of counsel; it having been filed April 11, 1899. It denies that Wright has any title to attached property by reason of the deed of trust referred to in the interplea, "for the reason that plaintiff says that said deed of trust, together with an assignment of all of the defendant W. T. Davis' book accounts, which was made on the 7th day of January, 1898, constitutes in law and in fact an assignment for the benefit of creditors, as provided by sections 305–309, Mansf. Dig. Ark. (sections 326-330, Ind. T. Ann. St. 1899), but that same is void because executed contrary to law, in that the trustee took possession of the property without filing inventory and bond as required by law. Plaintiff further says that the attachment in this case was levied on the 9th day of March, 1898, while the interplea was not filed until October 6, 1898, long after the time allowed under the statute for filing same, and long after the attached property had been sold, and the proceeds

paid to plaintiff by order of court." The case upon the interplea was then tried to the court under agreement of counsel as follows: "It was thereupon agreed by and between the counsel for the respective parties, plaintiff and interpleader, that a jury be waived, and a trial be had by the court upon the testimony taken upon the attachment case, wherein Simmons Clothing Company was plaintiff, and W. T. Davis defendant, and M. M. Wright interpleader." After testimony was introduced, the court found as follows: "Whereupon the court, being well and sufficiently advised in the premises, doth rule that the interpleader is entitled to recover of and from the plaintiff the amount of the value of the goods attached by plaintiff, and that the only question remaining to be determined is the amount of damages sustained by the interpleader. To which ruling of the court the plaintiff duly excepted at the time." A jury was then impaneled to assess the damages sustained by the interpleader. Testimony was introduced by the interpleader and by the Simmons Clothing Company, defendant in the interplea; and, after being instructed by the court, the jury returned the following verdict: "We, the jury impaneled and sworn to assess the damages sustained by the interpleader, M. M. Wright, by reason of the attachment herein, do assess said damages at $860. [Signed] Lewis Bible, Foreman." On the 13th day of April, 1899, the plaintiff in the original case and defendant in the interplea filed its motion for new trial, which was overruled by the court, and the said plaintiff appealed to this court.

*James B. Burckhalter*, for appellant.

*D. H. Wilson* and *John B. Turner*, for appellee.

TOWNSEND, J. The appellant has filed seven specifications of error. As the third and sixth and seventh are not

sustained either by argument or the citation of authorities, we will not consider them. The first and second, which appellant discusses together. are as follows: "First, the court erred in not dismissing the interplea for being filed contrary to law, as appeared upon the record; second, the court erred in refusing to dismiss the interplea as prayed by appellant in the second paragraph of its answer to the same." Appellant insists that there are only two statutes under which interpleading for attached property can obtain. The first allows a person not a party to the writ to interplead, but as Wright, trustee, was a party as garnishee in the case at bar, therefore he could not avail himself of that statute. And the other statute is section 356, Mansf. Dig (section 378, Ind. T. Ann. St. 1899), which is as follows: "Any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his complaint, verified by oath, to the court, disputing the validity of the attachment, or stating a claim to the property, or an interest in or lien on it under any other attachment or otherwise, and setting forth the the facts upon which such claim is founded, and his claim shall be investigated." Appellant insists that because the property had been sold, and the proceeds paid to the plaintiff, before the interplea was filed, therefore the interplea was filed too late, and the same should have been dismissed by the court, and the second clause of appellant's answer to the 'interplea held to be good as a plea in abatement to the interplea. But was the payment of the proceeds of this attached property to the appellant authorized by any statute? None is cited, and an examination of the record discloses that there was no notice of the application for this order served upon any one. The court itself required a bond to be executed by appellant. Under section 234, Mansf. Dig. (section 356, Ind. T. Ann. St. 1899), which is as follows; "The proceeds, if collected by the sheriff, together with all the money

*Margin notes:* Intervention. — Disposition of Proceeds of Attached Property

received by him from garnishees, shall be held and paid over by him under the same requirement and responsibilities of himself and his sureties as are provided in respect to money deposited in lieu of bail,"—it is provided that the money arising from such sales shall be held by the sheriff (marshal). Section 345, Mansf. Dig. (section 367, Ind. T. Ann. St. 1899), which is as follows: "If judgment is rendered in the action for the defendant, the attachment shall be discharged and the property attached, or its proceeds shall be returned to him,"—provides that when judgment is rendered for the defendant the attachment shall be discharged. And section 347, Mansf. Dig. (section 369, Ind. T. Ann. St. 1899), directs, when the judgment is for the plaintiff, how the court shall apply the money. The question then arises, had the court any authority to turn this money over to the appellant until the question of its ownership had been determined? We do not know under what statute he did so, and, directing the marshal to take a bond, the court evidently proposed to keep control of it; yet we know of no authority authorizing him to do that. In Atkins vs Swope, 38 Ark. 528, the control of the proceeds of attached property is discussed as follows: "An attachment has no bearing whatever upon the merits of a suit. It is only ancillary, to secure the fruits of any judgment to be obtained. It brings under control of the court, not of the plaintiff, property to be held for the purpose. The ownership is not changed. The plaintiff has no right to it in any case, as property; and to remove and sell it, with or without the consent of the sheriff, is a contempt of court, which a party commits at his peril. If the plaintiff fails in his action, the defendant is entitled to its return. In any case, if the attachment has been properly sued out, the statute provides the mode of controverting the grounds, and obtaining satisfaction for damages. But wanton or illegal proceedings under an attachment, whereby the property has been injured or lost, although otherwise remediable, cannot

be pleaded in defense of the action.    The merits of that are
not affected.    It is alleged in the answer that the property
had been lost by the plaintiff's conversion of it whilst un-
der control of the court, and that without defendant's con-
sent.    Doubtless the court, upon proper motion, might cor-
rect this wrong, and should; but it was neither matter of
set-off nor counterclaim, to be pleaded.''    The only ground
for the plea in abatement is the fact that the money had been
paid to the plaintiff.    But it does not appear to have been
paid according to law, and is certainly still subject, as to its

Plea of
Abatement.

disposition, to the orders of the court in the case.    But in
this case, the answer containing two defenses,—one in bar
and the other in the nature of a plea in abatement,—the
matter should have been called to the special attention of
the court for its action.    ''It is now settled, in direct oppo-
sition to the common-law rule, that defenses which seek only
to abate the particular action in which they are pleaded may
be united with those which seek to bar all recovery upon the
cause of action.    Being joined in the same answer, they are
to be tried and determined together at the one trial.    The
only possible difficulty in the practical application of this
rule arises from the different effects of a judgment in favor
of the defendant rendered upon one or the other of these
classes of defenses.    As such a decision upon the former
class does not destroy the plaintiff's right of action, nor
prevent him from properly commencing and maintaining an-
other suit for the same cause, while a similar decision upon
the latter class does produce that final effect upon the right;
and as by a general verdict given for the defendant upon
all the issues contained in the record, and a judgment
entered thereon, it might be difficult, and perhaps im-
possible, to determine which of these results should follow
from the judgment thus pronounced, it is plain that, at the
trial of an action in which the answer unites the two kinds
of defense, the judge should carefully distinguish the issues

arising from them, and should submit them separately to the jury, and direct a separate and special verdict upon each. By pursuing this course the record would show exactly the nature of the decision, and of the judgment entered thereon. This mode of procedure has been sanctioned by the highest courts." Pom. Code Rem. § 721. The record not disclosing that that course was pursued, was not the plea in abatement waived, and can it first be raised in this court? We do not think the plea in abatement good, but that the court did have jurisdiction to entertain the interplea, and we would not disturb the judgment of the court in holding that the interpleader had a right to recover.

The only question raised by the fourth and fifth assignments of error is as to the instruction of the court as to the measure of damages. It appears from the record that a jury was impaneled to assess the amount of damages sustained by the interpleader by reason of the attachment sued out by appellant. Evidence was introduced by both the interpleader and appellant, and the jury retired to consider of their verdict. Subsequently they returned, and the record discloses what action was taken. It is as follows: "And thereafter, to wit on April 11th. 1899, the jury were returned into court, and announced to the court that they are unable to agree upon a verdict, and that their difficulty is in determining the amount of damages they should find for the interpleader, and requested the court to instruct them upon that subject. Whereupon the court instructed the jury as follows, to wit: The court will instruct the jury in regard to the rule to be observed in ascertaining the amount of damages plaintiff will be entitled to recover. The plaintiff, M. M. Wright, will be entitled to recover as damages in this case, by reason of the levying of the attachment, the amount he would have obtained for the goods that were taken under the attachment, in the ordinary course of business in which he was engaged at the time. You may take into con-

*Measure of Damages.*

(26)

sideration whether he was selling those goods as customers came in, or disposing of them at auction, or by any other more expeditious way of disposing of the goods than the ordinary transaction of mercantile usage. You are to take into consideration, in arriving at the measure of damages the plaintiff is to recover, the amount he would have received for those goods in the way he was disposing of them at the time they were taken. The fact that a particular merchant would not have paid this amount or that amount for them for the purpose of wholesaling or a speculation,— that is not the measure of plaintiff's damages in this case. It is the amount for which he could have disposed of them in the manner in which he was disposing of them; that is, what he could realize for them in this market; that is to say, the fair and reasonable market value of the goods at the time they were taken, in town in which they were taken. Mr. Burckhalter: The defendant excepts to the court's instructions as to what shall be the measure of damages, and requests the court to instruct the jury as follows: 'That the measure of damages in this case would be the fair market value of the goods at the time of the attachment.' Which request was by the court refused, to which ruling of the court the defendant then and there duly excepted. The Court: The plaintiff is entitled to recover the amount which he would have realized for them in the manner in which he was disposing of them, and if he did not get that much for them, or did not get anything for them, by reason of the running of the attachment, he is entitled to recover that amount. That is what we call his damages in the case. Then you may add, if you see fit, when you ascertain that sum, six per cent. interest thereon, as additional damages from the date of the seizure to the present time. To these instructions of the court the defendant duly excepted." Was the instruction of the court correct? We think it was misleading. The rule is laid down in Norman vs Fife, 61 Ark. 35, 31 S. W. 740, as follows: "When property is taken and sold under

an attachment wrongfully issued, the measure of damages is the value of the property at the time it was seized under the writ, with interest at six per cent. to the date of the trial. Suth. Dam, §512; Porter vs Knight, 63 Iowa, 365, 19 N. W. 282; Blass vs. Lee, 55 Ark. 329, 18 S. W. 186; Trentman vs Wiley, 85 Ind. 33." See, also, Goodbar vs Lindsley, 51 Ark. 382, 11 S. W. 577, where it is said: "But the recovery in proceedings of this nature is confined strictly to compensatory damages, and cannot go beyond," citing Holliday vs Cohen, 34 Ark. 710; Patton vs Garrett, 37 Ark. 612, 613; Boatwright vs Stewart, 37 Ark. 619, 621. We think the court should have said to the jury that "the measure of damages is the value of the property at the time it was seized under the writ, with interest at six per cent. to the date of the trial"; and while the court, in different parts of his instruction, practically announces the rule stated, yet the addition of much other matter was liable to have confused and misled the jury, and the whole, taken together, amounted to a misdirection. Therefore we are of the opinion that as to the amount of damages the case should be reversed and remanded, and it is so ordered. Reversed and remanded.

CLAYTON, C. J., and THOMAS and GILL, JJ., concur.