## FLOYD v. ANDERSON.

No. 2355.    Opinion Filed November 26, 1912.

(128 Pac. 249.)

**ATTACHMENT—Liability on Bond—Punitive Damages—''Compensatory Damages.''** Punitive damages are not recoverable against the sureties in an ordinary attachment bond in a suit brought on the bond. The damages recoverable on such bond are compensatory in their nature, such as loss or depreciation in value of the attached property, interest, costs, and expenses, including, under our statute, reasonable attorney's fees, and which are the proximate results of the attachment, when the order therefor has been wrongfully obtained.

(Syllabus by Brewer, C.)

*Error from Major County Court;*
*F. W. Madison, Judge.*

Action by J. A. Anderson against J. A. Floyd. Judgment for plaintiff, and defendant brings error. Reversed.

*E. C. Wilcox,* for plaintiff in error.

*A. Fairchild,* for defendant in error.

Opinion by BREWER, C. This is a suit on an attachment bond. The suit proceeded, and judgment was rendered against one of the sureties on the bond. The cause comes here on a transcript of the record, and this court can examine only such errors as may appear upon the face of the record proper. It is asserted that the petition does not state facts constituting a cause of action.

The petition alleges, in substance, the issuance of the attachment, the giving of the bond, the taking and sale of the property, the dismissal of the attachment suit, which operated as a dissolution of the attachment, together with the averments of actual damage amounting to $109.30. The petition then proceeds to say:

"That the attachment was maliciously obtained, without probable cause, with the intent to injure and harass plaintiff, whereby plaintiff sustained punitive damages in the sum of $140."

The prayer is for $249.30; the same being the total amount of both the actual and punitive damages alleged.

Without examining the proceedings for errors alleged to have occurred at the trial, which we have no right to do, the judgment of the court against the defendant is for $249.30, thus making it clear, from an examination of the record alone, that $140 of this sum is allowed for punitive and exemplary damages against the surety in an ordinary attachment bond, and wherein the original attachment plaintiff, the principal in the bond, is not proceeded against.

In our judgment error is shown on the face of the record. Punitive damages were not recoverable. The action is simply for the alleged breach of the bond. The surety is only liable for such damages as the law permits under such circumstances. The question here is not whether the plaintiff is entitled to damages for a malicious attachment, but whether the terms of the bond were designed to cover such damages.

The bond in this case is conditioned as provided in section 5703, Comp. Laws 1909:

"To pay to the said defendant all damages, including reasonable attorney's fees, which the said defendant may sustain by reason of said attachment if the order be wrongfully obtained."

In Alabama the statute provides that vindictive damages may be allowed in addition to actual damages, where the writ was sued out maliciously. A similar provision is found in the statutes of Iowa and Washington. And where there is no statute specially authorizing such damages there appears to be considerable conflict in the authorities. Tennessee, Texas, and Louisiana, in the absence of such statute, permit a recovery on an attachment bond of punitive damages. *Doll v. Cooper*, 77 Tenn. (9 Lea) 576; *Mayer, Kahn & Freiberg v. Duke*, 72 Tex. 445, 10 S. W. 565; *Moore v. Withenburg*, 13 La. Ann. 22. But we think that the rule that such damages, in the absence of a statute authorizing it, are not recoverable against the sureties in an attachment bond, is supported by the weight of authorities and better reasoning.

In 4 Cyc. 872 it is said:

"In a large majority of the statutes requiring the attachment plaintiff to give a bond before the issue of the attachment, the damages covered by the bond are designated as 'all damages'

caused by the wrongful attachment. These statutes are very generally held to include only actual damages. Indirect, consequential, or punitive damages are not included; and nothing beyond actual damages can be recovered on the bond, whether the proceeding be an independent action on the bond, or by assessment of damages in the main action on determination of the issue as to the validity of the attachment in favor of defendant, and rendition of judgment on the bond for the amount so assessed."

And in Shinn on Attachments (volume 1, sec. 190) it is said:

"The amount which may be recovered in an action for the wrongful suing out of an attachment is dependent upon the form of the action, as well as upon the parties defendant. If the action is brought on the bond, the recovery will, in any event, be limited to the penalty named in the bond. If it is brought against the attachment plaintiff alone, and malice is alleged and proved, exemplary damages may be awarded. But the fact that the attachment was maliciously sued out will not affect the liability of the sureites, because 'motive' and 'probable cause' are not applicable as to them."

And in the case of *Elder v. Kutner,* 97 Cal. 490, 32 Pac. 563, section 2 of the syllabus is as follows:

"The fact that an attachment was sued out maliciously does not affect the liability for damages of the sureties on the bond, since in an action against them the questions of 'motive' and 'probable cause' are immaterial."

And in *Plymouth G. M. Co. v. U. S. Fidelity & Guaranty Co.,* 35 Mont. 23, 88 Pac. 565, 10 Ann. Cas. 951, section 7 of the syllabus follows:

"A surety on an attachment bond cannot be held liable on its contract for the consequences of wanton and malicious acts of its principals which would support an action of tort against them."

And in the course of the opinion it is further said:

"The liability of the surety is fixed by the terms and conditions of the contract, and may not be extended by implication to matters not fairly covered by them."

*Simmons, etc., v. Davis,* 3 Ind. T. 379, 58 S. W. 655; *Mocerf v. Stirman et al.* (Ky.) 29 S. W. 324; *Holliday Bros. v. Cohen,* 34 Ark. 707; *Elder v. Kutner,* 97 Cal. 490, 32 Pac. 563; *Thomp-*

son v. *Webber,* 4 Dak. 240, 29 N. W. 671; *Rigby v. Goodhue,* 74 Mo. App. 162; *Berwald v. Ray, Sheriff,* 165 Pa. 192, 30 Atl. 727; *McClendon v. Wells,* 20 S. C. 514; *Bruce v. Coleman,* 1 Handy (Ohio) 515; *Roe v. Thomas,* 19 Mo. 613, 61 Am. Dec. 580.

We think in line with the above authorities, that all actual damages, compensatory in their nature, such as loss or depreciation in value of property, costs and expenses, including, under our statute, a reasonable attorney's fee, and which naturally and proximately result from the attachment, where the order therefor was wrongfully obtained, may be recovered in a suit on the attachment bond (*Bash v. Howald,* 27 Okla. 462, 112 Pac. 1125); but that damages by way of punishment of a malicious plaintiff cannot be awarded against a surety in the attachment bond in a suit thereon.

Of course, if an attachment is wantonly, maliciously, and without probable cause sued out, against a defendant, he has his action against the guilty parties in the nature of an action for malicious prosecution. But he cannot hold the obligors in an attachment bond responsible, ordinarily, for the *animus* or motive of an attaching plaintiff.

For the reasons stated, the cause must be reversed and remanded for a new trial.

By the Court: It is so ordered.