## OVERTON v. SIGMON FURNITURE MFG. CO. *et al.*

No. 4331. Opinion Filed June 8, 1915.

On Petition for Rehearing August 3, 1915.

(151 Pac. 215.)

1. **MALICIOUS PROSECUTION—Wrongful Attachment—"Punitive Damages."** An action at common law may be maintained for wrongful attachment against the plaintiff therein when the attachment is sued out maliciously and without probable cause, in which case, if the pleadings and evidence warrant it, both actual and punitive or exemplary damages may be recovered.

(a)  In such case, by reason of section 4070, St. 1893 (section 4718, Rev. Laws 1910), actual damages only may be recovered for the mere wrongfulness of the attachment and without regard to either malice or probable cause.

**2.    ATTACHMENT—Wrongful Attachment—Damages.**  Actual damages only for mere wrongful attachment may be recovered in an action against the plaintiff therein independent of the undertaking required by section 4070, St. 1893 (section 4814, Rev. Laws 1910), and without allegation or proof that the same was sued out maliciously or without probable cause.

**3.    SAME—Actions.**  In an action for wrongful attachment, an allegation that the attachment was abandoned and waived, and that the cause in which it had been sued out was fully disposed of before the filing of the petition in the instant case by a judgment for the debt sued for, sufficiently shows, as against a general demurrer, the dissolution of the attachment suit to warrant the instant action.

### ON PETITION FOR REHEARING.

**4.    APPEAL AND ERROR—Record—Questions Presented for Review.**  Where a pleading copied in a brief in this court is sufficient upon its face, as against a general demurrer, which demurrer was sustained by the trial court, it is not necessary, in order to have such erroneous decision reviewed in this court, under rule 25 (38 Okla. x, 137 Pac. xi), that exhibits, not required by statute to be attached to such pleading, should be copied into such brief.

(a)  In reviewing such decision, it will be presumed, in the absence of anything appearing to the contrary, that such exhibits do not negative the allegations of such pleading.

**5.    ATTACHMENT — Wrongful Attachment — Determination.**  The taking, by plaintiff, of a mere personal judgment for debt, without reference therein to a prior ancillary attachment of defendant's personal property, does not impliedly negative either the dismissal, dissolution, or abandonment of such attachment.

**6.    SAME—Petition.**  As against a general demurrer, a petition in an action for wrongful attachment sufficiently describes the attached property by alleging that plaintiff was "engaged in business of undertaking and selling furniture at retail in the city of Duncan," and that his "stock of merchandise in the city of Duncan" was taken in such attachment.

(Syllabus by Thacker, C.)

*Error from District Court, Stephens County;*
*Frank M. Bailey, Judge.*

Action by H. L. Overton against the Sigmon Furniture Manufacturing Company and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*Wilkinson & Morris,* for plaintiff in error.

*Barefoot & Carmichael,* for defendants in error.

Opinion by THACKER, C. Plaintiff sues the defendant company in the instant case for the latter's alleged wrongful attachment of the former's property in a prior action by it against the former for debt in the county court of Stephens county; and the petition in the instant case, in so far as pertinent to the questions before us for review, alleges that the said attachment was wrongful and unlawful, based upon a false affidavit of grounds therefor, which was made with the intention of damaging the good name and credit of this plaintiff, who was then engaged in business as an undertaker and retail dealer in furniture in said county, that the same was wrongfully and unlawfully levied upon the plaintiff's stock of merchandise, and "that said attachment suit * * * was abandoned * * * and said cause was fully disposed of * * * before the filing of this suit by * * * the plaintiff" (said defendant in the instant case) "by taking judgment for the sum sued for in that case; thereby waiving the attachment part of the suit in that court." The defendant W. M. Cates, who is also sued with the defendant company, was the sheriff through whom the process in the attachment case was executed.

A general demurrer was sustained to plaintiff's petition in the instant case, and the only question before us is as to whether the petition states any cause of action as against the same.

It appears that the custom of London became incor-
porated in the common law, so that, in the absence of stat-
utes, it may be that courts would nevertheless have the
power to issue writs of attachment (2 R. C. L., Attach-
ment, sections 2, .3, pp. 801, 802) ; but it appears that
such power was not generally recognized in the United
States, so that the attachment remedy is generally and
must be regarded for all practical purposes as originating
in and dependent upon statutory enactments (see *Id.*) ;
and, in this jurisdiction at least, our statutes alone give
a plaintiff such remedy.

It is true, however, as in other cases of malicious
prosecution, that an action at common law may be main-
tained for wrongful attachment when the writ is sued
out maliciously and without probable cause, in which case,
if the pleadings and evidence warrant it, both actual and
punitive or exemplary damage may be recovered. 2 R. C.
L., Attachment, sections 112, 123, pp. 897, 898, 911, 912;
Drake on Attachment (7th Ed.) sections 114, 745; 1
Shinn on Attachment and Garnishment, section 182, pp.
305-308, and section 377, p. 692; *Floyd v. Anderson,* 36
Okla. 308, 128 Pac. 249, 43 L. R. A. (N. S.) 788, Ann.
Cas. 1915A, 348; *International Harvester Company of
America v. Iowa Hardware Company et al.,* 146 Iowa,
172, 122 N. W. 951, 29 L. R. A. (N. S.) 272; *Ailstock v.
Moore Lime Co.,* 104 Va. 565, 52 S. E. 213, 2 L. R. A.
(N. S.) 1100, 113 Am. St. Rep. 1060, 7 Ann. Cas. 545;
*Ames v. Chirurg,* 152 Iowa, 278, 132 N. W. 427, 38 L.
R. A. (N. S.) 120. It is also true that in an action upon
the undertaking which the plaintiff in attachment is re-
quired to give by section 4070, Stat. 1893 (section 4814,
Rev. Laws 1910), only actual damages can be recovered.
*Floyd v. Anderson, supra.* And that the action at com-

mon law for both actual and exemplary damages is an action *ex delicto,* entirely distinct from the action *ex contractu* upon the statutory undertaking. See authorities above cited.

But, in regard to the recovery of actual damages in any form of action therefor, we think the effect of our statutes is to so modify the common law as to give a right of action for merely wrongful attachment and dispense with the necessity for the allegation and proof of malice and want of probable cause, it being sufficient to show that the attachment was wrongful. 3 Am. & Eng. Enc. L. 245, 246; *McLaughlin v. Davis,* 14 Kan. (168) 135; *Connelly et al. v. Woods,* 31 Kan. 359, 2 Pac. 773.

The section of our statute above cited reads:

"The order of attachment shall not be issued by the clerk until an undertaking on the part of the plaintiff has been executed by one or more sufficient sureties, approved by the clerk and filed in his office, in a sum not less than double the amount of the plaintiff's claim, to the effect that the plaintiff shall pay to the defendant all damages that he may sustain by reason of the attachment, including reasonable attorney's fees, if the order be wrongfully obtained; but no undertaking shall be required where the party or parties defendant are all nonresidents of the state, or a foreign corporation."

This statute does not require plaintiff to execute an undertaking, but requires that one be executed in his behalf "by one or more sufficient sureties," who are thereby bound for the payment of "all damages" sustained "if the order be wrongfully obtained"; and, as a legislative intent to bind the sureties for damages beyond those for which the plaintiff is bound is too unreasonable to be admitted, the implication is plain and appar-

ently necessary that the attachment plaintiff is bound independently of the "undertaking" contract and as matter of law, for such damages.

If the mere wrongfulness of the attachment were not a ground for the recovery of actual damages, independent of the undertaking required by the statute, it anomalously would follow that, while a resident defendant could recover actual damages resulting from a mere wrongful attachment, a nonresident defendant or a foregn corporation could not recover any damages whatever unless the writ was not only wrongful but was also maliciously and without probable cause sued out.

Section 2718, Stat. 1890 (section 2948 Rev. Laws 1910), requires that we liberally construe the above-quoted section of our statutes with a view to effect its object and promote justice; and, when so construed, we think the implication that the attachment plaintiff is liable for a merely wrongful attachment, without regard to the undertaking which is required only in case one or more of the defendants is a resident or a domestic corporation, must be admitted.

As against a general demurrer, the petition sufficiently shows that when this action was commenced the attachment in the prior action had been dissolved (*Berry et al. v. Geiser Mfg. Co.*, 15 Okla. 364, 85 Pac. 699), which is the time of the accrual of the right of action either on the undertaking or independent of the same (4 Cyc. 837; *McLaughlin v. Davis, supra; Hoge et al. v. Norton*, 22 Kan. [374] 265; *Kerr v. Reece*, 27 Kan. 469; *Baker et al. v. Skinner*, 63 Kan. 83, 64 Pac. 981).

In our opinion, the petition, although subject to criticism, states a cause of action for actual damages as against the defendant company.

For the reasons, stated, the judgment of the trial court should be reversed, and the case remanded, with instructions to overrule the demurrer.

By the Court: It is so ordered.

ON PETITION FOR REHEARING.

Opinion by THACKER, C. Plaintiff's petition, as copied in his brief, being, upon its face, sufficient, as against a general demurrer, it was not necessary, under rule 25 (38 Okla. x, 137 Pac. xi), to also set out in the brief copies of the attached exhibits of the affidavit for attachment, the order of attachment, and the journal entry of judgment in the action in which the attachment was sued out, these being exhibits not required by statute to be attached to the petition, as, in the absence of anything to the contrary, it must be presumed that exhibits do not negative the allegations of the pleadings to which the same are attached. It would have been necessary, however, under this rule, for plaintiff to copy the exhibits into his brief if he had desired this court to examine the same in aid of his petition. But, as the petition, at the point attacked, appears to be sufficient, without recourse to the aid of exhibits, the burden was upon the defendants to show, if true, that the allegations of the petition are negatived by the exhibits.

Assuming, without deciding, that the judgment for debt against this plaintiff, as defendant in the action in which the attachment was sued out, without reference therein to the attachment, does not so much as raise even a rebuttable presumption that the attachment had been dismissed, dissolved, or abandoned (see section 4112, Stat. 1893; section 4856, Rev. Laws 1910), we think it clear that it does not preclude the plaintiff from proof of his allega-

tion of abandonment. An attachment may be abandoned in many ways, as by a voluntary surrender of the attached property to the person from whom it was taken, or by the failure of the officer to retain control of it, or by an act or omission wholly inconsistent with the right to assert the existence of the same. See 2 R. C. L., Attachment, section 80, pp. 867, 868, section 81, pp. 868, 869, and section 116, pp. 902, 903; Am. Dig. (Cent. Ed.) Attachment, sections 968-969; Am. Dig. (Dec. Ed. and Key-No. Series) Attachment, sections 274, 368, 371.

Defendants reiterate their contention to the effect that plaintiff's allegations of the termination of the attachment proceedings are qualified and in effect destroyed by the following concluding words:

"*By taking judgment for the sum sued for in that case, thereby waiving the attachment part of the suit in said court.*"

The allegations of the petition in this respect are as follows:

"That said attachment suit in the county court of Stephens county, Okla., was abandoned by this defendant about the 31st day of October, 1910, and has never at any time been prosecuted by said defendant, and said cause was fully disposed of in said county court of Stephens county before the filing of this suit, by this defendant, the plaintiff in the county court of Stephens county, *by taking judgment for the sum sued for in that case, thereby waiving the attachment part of the suit in said court.*"

It would seem that the italicized words, with which the foregoing allegations are concluded, might be regarded as so qualifying all preceding allegations tending to show the termination of the attachment in said case in the county court as to make the fact of abandonment depend alone upon the effect of the judgment for the

debt without mention of the attachment, if it' were not for the rule which requires that, as against such demurrer, a pleading must be liberally construed and is deemed sufficient unless its defects are ,so substantial and fatal that, taking all the facts to be admitted, such pleading states no cause of action or ground of defense. *Smith-Wogan Hardware & Implement Co. v. Jos. W. Moon Buggy Co.,* 26 Okla. 161, 108 Pac. 1103; *Calman v. Kreipke,* 40 Okla. 516, 139 Pac. 698.

So construed, it cannot be said that the allegation "that said attachment suit in the county court of Stephens county, Okla., was abandoned by this defendant about the 31st day of October, 1910, and has never at any time been prosecuted by said defendant," followed first thereafter as it is by the allegation that "said cause was fully disposed of," etc., is so qualified and limited by said conclusion in the said italicized words, which apparently so qualifies only the last preceding allegation, although it must be conceded that such pleading is barely sufficient even as against such demurrer. Said concluding clause, within itself, alleges that said judgment, in effect, is a waiver of such attachment; and this allegation or the preceding allegation of abandonment would seem to be surplusage if the contention of defendants is correct, while familiar rules of construction must discipline us not to unnecessarily treat any allegation as surplusage. The instant case was commenced on March 1, 1911, four months after the entry of said judgment; and the allegation that the attachment was abandoned about October 31, 1910, "and has never at any time been prosecuted by said defendant," strengthens our construction that the allegation of abandonment is not wholly dependent upon nor limited to the effect of said judgment. This allegation

does not seem easily susceptible of the qualification for which the defendants contend; and, in effect, it seems to be of itself an allegation of abandonment. Intervening, as it does, between the preceding specific allegation of abandonment and said conclusion of the paragraph, it seems to forbid the extension of the qualifying effect of said concluding clause beyond the allegation that "said cause was fully disposed of in said county court," etc. We say all this in view of the permissibility of proof of other facts which, together with the fact that the judgment is merely for the debt, without reference to the attachment, might show an abandonment of the attachment.

We think the allegation in plaintiff's petition that he was engaged "in business of undertaking, and selling furniture at retail in the city of Duncan," and that his "stock of merchandise in the city of Duncan" was taken in the attachment, sufficiently describes the property, as against a general demurrer.

It must be remembered that this case is here upon a sustention of a general demurrer to plaintiff's petition, and not upon any question of defendant's right to demand more definite and certain allegations in plaintiff's petition.

In our opinion, this court should adhere to the original opinion and the conclusion therein reached.

By the Court: It is so ordered.