### MOSES et al. v. GEORGE.

No. 9870—Opinion Filed Jan. 25, 1921.

Rehearing Denied March 29, 1921.

(Syllabus by the Court.)

### Appeal and Error — Review — Necessity for Prejudicial Error.

Where, on appeal in this court, the only errors assigned and argued by counsel for plaintiffs in error in their brief are that the trial court erred in giving certain instructions and refusing to give certain requested instructions, and on examining the instructions thus complained of, and the entire record, it does not appear that the error complained of has probably resulted in a miscarriage of justice or constitutes a sub-

stantial violation of a constitutional or statutory right, the Supreme Court is without authority to set aside the judgment of the trial court, and the same will be affirmed, and it is so ordered.

Error from Superior Court, Okmulgee County; R. E. Simpson, Judge.

Consolidated actions by Joe Moses and by Joe Moses and Charles Maroon, as partners, against M. George. Judgment for defendant, and plaintiffs bring error. Affirmed.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiffs in error.

A. G. Axline and Horner & Swain, for defendant in error.

JOHNSON, J. This is an appeal from the superior court of Okmulgee county, Hon. R. E. Simpson, Judge.

On February 26, 1917, plaintiff in error Joe Moses, as plaintiff, filed in the county court of Okmulgee county, at Henryetta, Oklahoma, his petition against M. George, defendant in error, as defendant, asking for judgment against said M. George in the sum of $847.29, due on verified itemized account attached to said petition.

On February 26, 1917, plaintiffs in error, Joe Moses and Charles Maroon, a partnership, as plaintiffs, filed in said county court their petition against the defendant in error, asking for judgment against defendant in error for $422.97, due on itemized and verified account attached to said petition.

On April 21, 1917, said two cases, on motion of plaintiffs in each cause, were ordered transferred to the superior court of Okmulgee county, Oklahoma, Henryetta district.

In said superior court on May 16, 1917, in case number 21 on the civil docket of said superior court, styled Joe Moses, plaintiff, v. M. George, defendant, said Joe Moses moved the court for judgment on the pleadings, which motion was by the court overruled, and the defendant, M. George, given leave to file an answer and counterclaim within ten days from said May 16, 1917, to which action of said superior court said Joe Moses excepted, and exception was allowed.

In said superior court on May 16, 1917, in suit brought by Joe Moses and Charles Maroon, a partnership, same being number 22 on civil docket of said superior court, the plaintiffs moved the court for judgment on the pleadings, which was overruled by the court, and defendant, M. George, given leave to file an answer and counterclaim within ten days from May 16, 1917, to which action of the court plaintiffs excepted, and exception was allowed.

In said superior court, in suit brought by plaintiff in error Joe Moses, on May 23, 1917, defendant in error filed his answer and counterclaim in which defendant in error denied generally and specifically all allegations in petition contained, except such as thereinafter specifically admitted, and defendant in error admitted that he purchased goods and merchandise from Joe Moses upon which there was unpaid $775 according to statements rendered said George by Joe Moses.

In said answer and counterclaim said George alleged the obtaining by Joe Moses of an order of attachment against George's property at the time of institution of said suit by Joe Moses, the execution and delivery of an attachment bond by said Moses as principal and W. L. Sullins as surety in order to obtain said attachment order, and the causing by Joe Moses of the said attachment to be levied against the stock of goods and merchandise, fixtures, and store building located on Main street of Spelter, an addition or suburb of Henryetta, owned by George. Said George further alleged in said answer and counterclaim that grounds of attachment were controverted, and on March 26, 1917, on trial in the county court, judgment was entered dissolving and discharging said attachment. A copy of said bond, marked "Exhibit A," was attached to said answer and cross-petition, and copy of journal entry dissolving said attachment was attached to said answer and cross-petition, marked "Exhibit B." Said George further alleged the taking from him of property seized under said attachment, closing his place of business, and attachment order tacked to his front door for thirty days, causing damage of $500; the injury and depreciation in value of said property during its detention, causing $250; his being put to great expense, to wit, $300, necessary to obtain discharge of said attachment, the wrongful obtaining of said attachment, the malicious obtaining of said attachment without probable cause, with intent to injure and harass said George, said George thereby sustaining damages in the sum of $644. Said George asked that said counterclaim be set off against demand of said Moses, and said George given judgment against Moses for the sum of $962.66, and costs.

In said superior court, on May 23, 1917, defendant in error, M. George, in said suit brought by Joe Moses and Charles Maroon, a partnership, filed his answer and counterclaim. In said answer and counterclaim said George denied all allegations not specifically admitted; admitted purchase from said partnership of goods and merchandise on which

there was unpaid the sum of $412.97, according to account statements rendered said George by said partnership; alleged obtaining by said partnership on 28th day of February, 1917, of an order of attachment against property of said George, and that to obtain said attachment said partnership and W. L. Sullins executed and delivered a bond for attachment, a copy of which bond, marked "Exhibit A," was attached; alleged the causing of the levy of said attachment against the said property belonging to defendant in error alleged to have been attached in suit brought by Joe Moses; alleged the controverting of grounds of said attachment and trial of said controversy on March 26, 1917; the judgment by said court dissolving said attachment, a copy of said judgment being attached to said answer and counterclaim and marked "Exhibit B," said Exhibit A being shown on pages 35 and 36 of case-made and said copy of said journal entry being shown on page 37 of case-made. In said answer and counterclaim said George alleged the taking from him of property seized under said attachment, the closing up of his place of business, the tacking to his front door for thirty days of said attachment order, causing damage in the sum of $250; the injury and depreciation in value during time of its detention in sum of $115; the expending of $200 to obtain discharge of said attachment; the wrongful obtaining of said attachment; the malicious obtaining without probable cause of said attachment with intent to injure and harass said George, whereby said George "obtained" punitive damages in the sum of $280. Said George prayed that said counterclaim be set off against plaintiff's demand and that he be given judgment on same against said partnership for $432.03, and costs.

On May 31, 1917, in each of said causes, Nos. 21 and 22 in said superior court, the plaintiff filed a demurrer to the answer of defendant, George, on grounds: First, said answer did not state facts sufficient to constitute a defense to petition of plaintiff; second, said superior court did not have jurisdiction of the matter set up in said answer and counterclaim. In said superior court, on September 19, 1917, said demurrer in said cause No. 21 was overruled, and plaintiff excepted. In said superior court, on September 10, 1917, said demurrer in said cause No. 22 was overruled, and plaintiffs excepted.

On October 2, 1917, in each of said causes, Nos. 21 and 22 in said superior court, was filed the answer of plaintiffs to said counterclaim for damages, said answer consisting of a general denial of each and every allegation contained in said counterclaim for damages.

On October 9, 1917, in said superior court said causes Nos. 21 and 22 came on for trial to a jury. It was agreed between the parties that George admitted owing plaintiff, Joe Moses $775, and confessed judgment for said amount in suit No. 21, and in case No. 22 it was agreed between the parties that defendant, George, admitted owing the plaintiffs, Joe Moses and Charles Maroon, a partnership, $412.97, and confessed judgment for said amount.

The parties stipulated as follows:

"It is further agreed between the parties to these two suits that both causes of action may be consolidated and are hereby consolidated for the purpose of trying the attachment issues which involve the claim of damages."

On October 10, 1917, the suits, thus consolidated, were tried to a jury, and a verdict was returned in favor of the defendant in the sum of $1,461.98. Plaintiffs filed a timely motion for a new trial upon the grounds: (1) Because the verdict of the jury was excessive and appears to have been given under the influence of passion and prejudice; (2) The verdict of the jury is not sustained by the evidence and is contrary thereto; (3) the verdict of the jury is contrary to law; (4) errors of law occurring at the trial and excepted to by the plaintiffs at the time; (5) court erred in giving to the jury instructions Nos. 7, 8, and 9, each of which was excepted to; (6) the court erred in failing and refusing to give instructions Nos. 1 to 7, inclusive, which were excepted to; (7) misconduct of attorney for the defendant in his argument to the jury, which was excepted to; (8) erred in overruling plaintiffs' demurrer to defendant's answer and counterclaim, to which plaintiff duly excepted—which motion for new trial was overruled by the court, and the court rendered a judgment in favor of the defendant and against the plaintiff in the sum of $274.69, being for the difference between the amount of the verdict of the jury and the aggregate amount of the judgment rendered in favor of the plaintiffs by confession of the defendant. In due time this proceeding in error was regularly commenced in this court to reverse such judgment.

The assignments of error made and argued in brief of counsel for the plaintiffs were as follows:

(1) "Said court erred in overruling the motion of plaintiffs in error for a new trial."

(2) "Said court erred in giving instructions numbers 7, 8 and 9."

(3) "Said court erred in refusing to give

requested instructions numbers 1 to 7, inclusive."

(4) "Said court erred in overruling the demurrer of plaintiff to defendant's answer and counterclaim."

As counsel for plaintiffs only argue in their brief the first three specifications of error, supra, they are deemed to have waived the fourth under repeated decisions of this court. We will consider the second specification first, which is, the court erred in giving instructions Nos. 7, 8 and 9. The 7th and 8th will be considered together.

The testimony discloses that the plaintiff Joe Moses, on the 26th day of February, 1917, commenced an action in the county court of Okmulgee county, sitting at Henryetta, to recover the sum of $847.29, alleged to be due plaintiff on a duly itemized account for merchandise sold and delivered to the defendant, a copy of which account was attached to his petition showing the several items thereon and bearing credits which was duly verified, and at the time of the commencement of his action he sued out an attachment and caused the same to be levied upon the store and storehouse of the defendant, which remained in the possession of the officers levying the attachment for about 30 days; and on the same date plaintiffs, Joe Moses and Charles Maroon, as partners, commenced an action in said court to recover upon the same kind of an account for the sum of $422.97, in which action they also caused an attachment to be issued and served upon the same goods and building; and in these actions the defendant moved to have said attachment proceedings annulled, which, upon hearing had, were dissolved, and thereafter the cases were transferred to the superior court of Okmulgee county, in which court and in each case the defendant filed an answer and cross-petition in which he confessed judgment and for a stipulated amount, and in which he severally claimed damages by reason of said attachment proceeding and attached to his cross-petition the copies of journal entries reciting the dissolution of the attachment proceedings, respectively; and instruction No. 7, complained of, instructed the jury that the finding of the county judge in dissolving the attachments in these cases "is final and binding upon you as to whether or not the attachment was wrongfully brought, and that the judgment of the county judge was that the allegations contained in the attachment affidavit were groundless and not supported by the evidence, and that the said attachment is wrongfully brought." In other words, this instruction was a substantial, if not a literal, copy of the recitals in the journal entries of judgment dissolving the attachments; and instruction No. 8, complained of, told the jury that "in order for the defendant to recover herein it is not necessary to show that he has paid the actual damages he has sustained," and that "actual damages for which a recovery may be had include expenses and loss incurred in making defense to the attachment proceedings and also loss occasioned by the deprivation of use of property pending the attachment, or by injury or loss to it, as well as any depreciation in value," and "within this rule are included all costs and expenses incurred in the discharge of the attachment, cost and expenses of obtaining testimony on the trial after traverse of the attachment affidavit, and the defendant's costs of suit generally, including a reasonable attorney's fee."

We think the foregoing instructions contained a reasonably correct statement of the law and come clearly within the rule announced by this court in the case of Leasure v. Hughes, 72 Oklahoma, 178 Pac. 696, where Mr. Chief Justice Hardy, speaking for the court, said:

"The defendant would be entitled to recover any reasonable and necessary expense incurred in procuring the dissolution of said attachments, including reasonable attorney's fees, and all damages that accrued to the merchandise seized and returned by the sheriff, and also any profits that he might have made in conducting said business if his store had not been closed and the goods had not been removed under the attachments. Wellington v. Spencer et al., 37 Okla. 461, 133 Pac. 675, 46 L. R. A. (N. S.) 469; Floyd v. Anderson, 36 Okla. 308, 128 Pac. 249, 43 L. R. A. 788, Ann. Cas. 1915 A, 348."

Instruction No. 9 advises the jury as to the law upon the question of exemplary damages, and, inasmuch as the jury failed to award the defendant exemplary damages, it will not be necessary to consider the 9th instruction; likewise, as requested instructions Nos. 1, 2, and 3 were upon the question of exemplary damages also, and as the jury allowed no exemplary damages, the failure to give said instructions was harmless, and therefore it does not constitute reversible error.

Requested instructions Nos. 4, 5, and 6 went to the question of plaintiffs' good faith in suing out the attachments, and, as that question was sufficiently covered by the first and second paragraphs of the court's general instructions to the jury, the trial court committed no error in refusing the requested instructions named.

The plaintiffs' requested instruction No. 7 upon the question of the attorneys on

either side failing to testify as witnesses for their respective sides, was erroneous, and the court did not commit error in failing to give same.

As we find no error in the action of the trial court in the matter complained of, that is, not giving instructions and refusing to give requested instructions, the court committed no error in overruling the plaintiffs' motion for new trial. The judgment of the trial court is therefore affirmed.

HARRISON, C. J., and KANE, MILLER, and KENNAMER, JJ., concur.