**KANSAS, O. & G. RY. CO. v. MAY.**

No. 14251—Opinion Filed Sept. 18, 1923.

Rehearing Denied Dec. 18, 1923.

(Syllabus.)

1. **Appeal and Error—Harmless Error—Instructions.**

Where, on appeal in this court, the only errors assigned and argued by counsel for plaintiff in error in their brief are that the trial court erred in giving certain instructions and refusing to give certain requested instructions, and on examining the instructions thus complained of, and the entire record, it does not appear that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the Supreme Court is without authority to set aside the judgment of the trial court, and the same will be affirmed.

2. **Same.**

After an examination of the entire record it does not appear that the errors complained of have probably resulted in a miscarriage of justice.

3. **Same—Affirmance of Cause.**

For the reasons stated, the judgment of the trial court is affirmed.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by T. R. May against the Kansas, Oklahoma & Gulf Railway Company. Judgment for plaintiff, and defendant brings error.

John E. M. Taylor, for plaintiff in error.

V. B. Hayes and R. L. Moulden, for defendant in error.

KANE, J. This was an action for damages for personal injuries commenced by defendant in error, plaintiff below, against the plaintiff in error, defendant below. Hereafter, for convenience, the parties will be designated "plaintiff" and "defendant," respectively, as they appeared in the trial court.

Upon trial to the jury, there was a verdict in favor of the plaintiff, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The petition of the plaintiff alleged, in substance, and the evidence tended to prove, that the plaintiff, through the negligence of the defendant, received a slight injury to one of his shins while he was attempting to board one of the defendant's trains as a passenger; that later the wound resulting from the injury became infected and developed into a painful, tenacious series of sores something in the nature of eczema.

The parties concede that the evidence was sufficient to take the case to the jury on the merits, the only errors complained of being the action of the trial court in refusing to give certain requested instructions asked by the defendant and error of the trial court in giving certain instructions of his own motion.

The rule for considering errors of this class on appeal is stated in the case of Moses v. George, 80 Okla. 120, 196 Pac. 550, as follows:

"Where, on appeal in this court, the only errors assigned and argued by counsel for plaintiff in error in their brief are that the trial court erred in giving certain instructions and refusing to give certain requested instructions, and on examining the instructions thus complained of, and the entire record, it does not appear that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right, the Supreme Court is without authority to set aside the judgment of the trial court, and the same will be affirmed."

This is but a restatement of the applicable portion of section 6005, Rev. Laws 1910, which provides, in substance, that no judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of constitutional or statutory right.

In view of this section of the statute and the foregoing authority and many others to the same effect which might be cited, it is only necessary to say that after an examination of the entire record, it does not appear that the errors complained of have probably resulted in a miscarriage of justice. On the contrary, we are convinced that the instructions given by the court of his own motion cover the legal phases of the case with sufficient fullness and that they are substantially correct.

For the reasons stated, the judgment of the trial court is affirmed.

All the Justices concur.