THE GEORGE R. BARSE LIVE STOCK COMMISSION COMPANY v. A. J. McKINSTER AND THOMAS McKINSTER.

(Filed Feb. 8, 1901.)

1. DAMAGES—*Replevin—Rule for Determining.* In actions of replevin, where the property has been seized under the writ and delivered to the plaintiff, and it is found on the trial that the defendant was the owner and entitled to the possession and return is awarded, the rule for determining value as a element of damages, is prescribed by section 2650, Statutes of Oklahoma, 1893.

2. SAME. In estimating damages, the value of property to the owner thereof deprived of its possession, is the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded as would suffice, with reasonable diligence, for him to make such a purchase.

3. SAME. In so far as the law as stated in the case of *Wade v. Gould*, 8 Okla., 690, is in conflict herewith, the same is modified to conform to the law as herein stated.

(Syllabus by the Court.)

*Error from the District Court of Woods County; before Jno. L. McAtee, District Judge.*

*R. J. Ray*, for plaintiff in error.

*A. C. Towne* and *Alexander & DeGeer*, for defendants in error.

Opinion of the court by

BURFORD, C. J.: This case was decided by this court at the June term, 1900, and at the January term, 1901, a rehearing was granted. Inasmuch as the former opinion has been set aside and the former order vacated, it is proper to restate the questions involved.

This is an action in replevin to recover possession of sixty-nine head of calves. The plaintiff obtained possession under the writ of replevin, and retained possession of the animals. The verdict and judgment was that the defendants were the owners and entitled to a return of the property, or in the event return could not be had, that they recover the value of the property at the date of the trial, which the jury found to be $35.00 per head. The writ of replevin was issued, and the calves taken and delivered to the plaintiff in September, 1896. The cause was tried, and judgment rendered for defendants in May, 1899. The plaintiff took, by virtue of the process of the court, six months old calves; by the judgment of the court he is ordered to pay for three year old cattle.

But one question is presented for our determination, viz.: Whether the defendants were entitled to recover the value of the animals at the time they were taken on the writ, or their value at the time of the trial. The question as to the time at which the value of property taken in replevin shall be determined, is one that has been the subject of much discussion, and on which the decisions of the courts are by no means harmonious.

There is much confusion in the authorities, growing out of a failure to discriminate between the value of the property, and the damages in addition to value, which are the result of a wrongful taking or unlawful detention. To attempt a review of the many conflicting decisions upon the subjects of value and damages in replevin, would require considerable time and labor, and could serve no useful purpose.

So far as the law of this Territory is concerned, the rule as to proof of value in this kind of a case, is we think, settled by statute.    The attention of the trial court was evidently not directed to the statute, and following the rule announced in a number of decisions by other courts, error was committed in instructing the jury.

The 17th instruction given by the court, and which was excepted to, is as follows:

"You are instructed that if you find for the defendants, the measure of damages due the defendants is the present value of the property taken under the writ of replevin, and that if you should find for the defendants, you should find the value of the property so taken and assess the said value by your verdict as due from the plaintiff to the defendants."

Special questions were submitted to the jury, and they found the animals when taken were of the value of $9.00 per head, and of the value of $35.00 per head at the time of the trial; this increase in value was evidently the result of the age and growth of the cattle and which had been produced largely at the expense of the defendants.

In our civil code, under the article entitled "Replevin," it is provided, sec. 4063, Stat. 1893:

"In an action to recover the possession of personal property, judgment for the plaintiff may be for the possession,

or for the recovery of possession, or for the value thereof, in case a delivery cannot be had, and of damages for the detention. If the property has been delivered to the plaintiff and the defendant claim the return thereof, judgment for the defendant may be for the return of the property or for the value thereof, in case a return cannot be had, and damages for the taking and withholding of same."

This section of the statute would in the case at bar entitle the defendants to a return of the property, or the value thereof in case a return cannot be had, and damages for the taking and withholding of same. In any case of replevin, where the property cannot be returned, there are two distinct elements of damages recoverable: First, the value of the property, and, second, the damages for the taking and detention thereof. It is only the first element of damages, viz.: the value of the cattle, that is in controversy in this case. But it will be observed that the provision of the civil code quoted *supra*, does not fix the time at which such value must be determined. Hence the inquiry is, to what time must the proof of value be directed and confined? This question is answered by sec. 2650, Stat. 1893, found under the title, "Measure of Damages," and which is as follows:

"In estimating damages   *   *   *the value of property to a buyer or owner thereof, deprived of its possession, is deemed to be the price at which he might have bought an equivalent thing in the market nearest to the place where the property ought to have been put into his possession, and at such time after the breach of duty upon which his right to damages is founded, as would suffice, with reasonable diligence, for him to make such purchase."

The application of this rule to the case under consideration is not difficult. The defendants were the owners of

the calves; they were deprived of possession by the plaintiff, and were so deprived at the time the cattle were taken under the writ of replevin. The right of the defendants to damages is founded upon this taking. The value of the animals to them and the value they are entitled to recover in this cause, is the price at which they might have bought other calves of the same age, kind and character, in the open market nearest to the place where the calves were taken from them and at such time after the taking as would with reasonable diligence have enabled them to make such purchases. The price for which similar calves could have been purchased in the market is a matter of proof, and what was a reasonable time after the breach of duty in which to enable the defendants with ordinary diligence to make such purchase, may also be shown by competent evidence, and the jury can determine these questions of fact on proper proof and under proper directions of the court.

It may be suggested that the defendants were not financially able to purchase other stock. But this cannot alter the rule. On this question we are content to quote the language of Mr. Justice Hunt, in *City of Memphis v. Brown*, 20 Wall. 304, wherein he said:

\* \* \* "This consideration can have no legitimate influence. A rule of law is based upon principle, upon sound considerations of justice and public policy, and as manifested by the proceedings and authorities. It is the same for all classes and conditions. None are so high as to be above its claims, none so low as to be beneath its protection. It will be a sad era in the history of any country when the application of a rule of law shall depend upon the wealth or the poverty of a party to a suit; upon

his wealth, which would thus enable him to increase that wealth, or his poverty which would be thereby aggravated.

"No .court and no government can protect against the misfortunes of poverty." * * *

The law presumes that immediately after the defendants were deprived of their property, they went into the market and bought similar property at the market value, to replace that which was taken from them, or, that if they did not do this, they could have done so, and thus saved themselves any loss other than the interest upon the capital invested the reasonable expense incurred and value of time consumed in making the purchase of such property.

While it is true the plaintiff wrongfully deprived the. defendants of the possession of their property, yet they took the same under the process of the court, and upon a claim of ownership. The law gave to the defendants the right to execute a bond and retain possession, but they elected to let the plaintiff take the property, and hence the rule of damages is not so rigorous as where one, ignoring the forms of law, wrongfully converts another's property to his own use.

We think the question presented by this case comes squarely within the terms of the statute above referred to and is conclusive.

In so far as the law as herein stated is inconsistent with the rule announced in *Wade v. Gould*, 8 Okla. 690, that case is modified to conform to the views herein expressed.

The trial court erred in giving instruction No. 17, and for this error the judgment of the district court must be reversed, in so far as the same fixes the amount to be

paid by the plaintiff in the event a return cannot be had. The judgment as to the ownership of the animals is affirmed, and reversed as to the amount of damages assssed, and the cause is remanded to the district court with directions to set aside the judgment and verdict as to the value of the cattle, and resubmit the question of value and damages to a jury, unless a jury is waived, and try said issue in accordance with the views expressed in this opinion.

The costs in this court are assessed against the defendants in error.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.