## VAN SICKLE et al. v. FRANKLIN.

No. 8059—Opinion Filed Jan. 23, 1917.

(162 Pac. 950.)

**1. Damages—Measure.**

When the law gives a remedy for a wrong done, the compensation should be equal to the injury sustained, and the latter is the standard by which the former is to be measured. The injured party is to be placed as

near as may be in the situation which he would have occupied had not the wrong been done.

## 2. Attachment—Attachment Bond — Damages.

The damages recoverable on an attachment bond are compensatory in their nature, such as loss or depreciation in value of the attached property, interest, costs, and expenses, including under our statute reasonable attorney's fees, and which are the proximate result of the attachment, when the order therefor has been wrongfully obtained.

(Syllabus by Galbraith, C.)

Error from District Court, Woodward County; Jas. B. Cullison, Judge.

Action by Joe Franklin against Elmer Van Sickle and another. Judgment for plaintiff, and defendants bring error. Affirmed.

C. W. Herod and Swindall & Wybrant, for plaintiffs in error.

R. H. Nichols and B. F. Willett, for defendant in error.

Opinion by GALBRAITH, C. This action was instituted by the defendant in error, Joe Franklin, the tenant, against the plaintiff in error Elmer Van Sickle, the landlord, and a surety on the attachment bond, for the wrongful issue and service of an attachment order. There was a trial to the court and jury, and a verdict returned for the plaintiff, assessing his damage in the sum of $125. Judgment was rendered upon this verdict, to review which this appeal has been prosecuted.

The facts briefly stated are these: Franklin rented certain agricultural lands of Van Sickle for the year 1911, and again for the year 1912. On July 15, 1912, Van Sickle sued Franklin in the county court of Woodward county, claiming rent due in the sum of $180, and filed an affidavit and bond for an attachment, and caused an attachment writ to issue, and two mules belonging to Franklin to be seized. These mules, after being held for two days, were returned to Franklin. On July 20, 1912, an alias attachment was issued in that action and executed by the seizure of certain crops grown on the leased premises, namely, two-thirds of 40 acres of growing corn, one-half of five ricks of wheat, and two-thirds of 25 acres of kaffir corn in the field. A motion was presented to discharge the attachment, and denied. The cause was tried on its merits before the court and a jury on January 28, 1913, and a verdict returned for defendant, and the attachment was discharged and the property returned to the defendant.

The evidence offered on behalf of the plaintiff in the instant case tended to show that the wheat, corn, and the kaffir corn were materially damaged while held under the attachment order, in this, that the corn and the kaffir should have been harvested in September or October, and that it was allowed to stand in the field exposed to the weather until late in January, when it was harvested by agreement with the landlord, and that the wheat in the ricks was not threshed until late in February, after the attachment was discharged, and much of it was spoiled by being exposed to the weather so long. The testimony also showed that there was specific claims for injury sustained to the wheat in a definite amount, to the corn in a definite amount, and to the kaffir corn in a definite amount, and for the use of the mules held for the two days in the sum of $6, and for $50 as attorney's fees paid in the attachment suit in the county court. These elements of damages aggregated a much greater sum than that returned by the jury.

There are a number of assignments of error set out in the petition in error, but many of these are not presented in the brief as prescribed by the rules of the court so as to require consideration; for instance, the assignment that "the court erred in admitting evidence offered in behalf of the defendant and to which the plaintiff in error saved exceptions." It is impossible to tell from this assignment what evidence it was that was improperly admitted by the court over the objection of the plaintiff in error, and unless we knew what the evidence was, and it is not set out, we are unable to say whether the court erred in admitting it or not.

Complaint is also made of instruction No. 3 given the jury by the court, wherein the court directed the jury that plaintiff was entitled to recover such damages as the jury might find from the evidence he had sustained by reason of the wrongful bringing of the attachment suit in the county court, and also that he was entitled to recover a reasonable attorney's fee in defending that suit, and for a reasonable attorney's fee in prosecuting the action upon the bond, limiting the amount of the recovery to the penalty fixed in the bond. This instruction is clearly right in so far as it advises the jury that the plaintiff was entitled to recover such damages as he had reasonably sustained on account of the attachment, and also the recovery of an attorney's fee for defending that suit in the county court. Bash et al. v. Howald, 27 Okla. 462, 112 Pac. 1125. It will be observed that this instruction followed

closely the law as declared by this court in Floyd v. Anderson, 36 Okla. 308, 128 Pac. 249, 43 L. R. A. (N. S.) 788, Ann. Cas. 1915A, 348; also Sackett et al. v. Rose, 55 Okla. 398, 154 Pac. 1177, L. R. A. 1916D, 820. We are inclined to the opinion that it was error to charge that the plaintiff was entitled to recover a reasonable attorney's fee in prosecuting the action on this attachment bond. It is apparent, however, from the amount of the verdict that the jury did not include this element in the verdict, since the evidence offered on behalf of the plaintiff in support of the actual damages sustained by holding the crops under the order of attachment and the attorney's fee paid for the trial of the attachment suit in the county court amount in the aggregate to a much larger sum than the verdict returned.

Complaint is also made of instruction No. 4. It may be that this instruction is not a correct statement of the law applicable to the issue in the case, but it is clear that the plaintiffs in error have no cause for complaint on that account, for the reason that this instruction practically eliminated every element of damage except that for attorney's fees paid, and they had no right to ask that the other elements of damage involved in the action should be taken from the jury. By no conceivable contingency could the plaintiffs in error have been injured by the giving of this instruction.

Again, it is urged that the court erred in refusing to give a number of requested instructions. From an examination of these requests we are convinced that, in so far as any one of them state the law correctly, it was covered by the instructions given by the court.

We are unable to say that there was prejudicial error of law committed during the trial of this cause, and are convinced upon an examination of the entire record that a just verdict has been rendered, and, inasmuch as this verdict is supported by the evidence, we are constrained to hold that the judgment appealed from should be affirmed.

By the Court: It is so ordered.