### CUSHMAN MOTOR WORKS CO. v. KELLEY et al.

No. 8326—Opinion Filed July 9, 1918.

(173 Pac. 1042.)

1. **Sales—Failure to Deliver—Damages.**

One damaged by the failure of the sel-

ler to deliver an article purchased within the time specified in the contract of sale, and in time to perform the work contemplated by the parties to be done therewith, may recover damages therefor.

**2. Evidence—Sales—Failure to Deliver Machinery—Action for Damages—Best Evidence.**

In such case, when a wheat crop is damaged by reason of such delay, it is proper to submit the question of damages to the jury, taking into consideration the amount the crop did yield, and what it would in all probability have yielded, had it been duly harvested, and the expenses thereof; and this is true, although it is to some extent speculative, but, as some loss was suffered, the same must be ascertained from the best evidence the nature of the case affords.

(Syllabus by Hooker, C.)

Error from County Court, Jefferson County; Ben F. Saye, Judge.

Action by E. J. Kelley and others against the Cushman Motor Works Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. G. Clift and Hays Dillard, for plaintiff in error.

Bridges & Vertrees, for defendants in error.

Opinion by HOOKER, C. The company was sued here for damages alleged to have been caused to defendants in error by reason of its failure to comply with its contract of sale and deliver to them the machinery and equipment in time to permit them to harvest their wheat. In the petition it is asserted that the company made a contract with plaintiffs whereby they purchased from the company an engine and all skids and attachments, and that it was known and understood at the time that plaintiffs below had purchased the same to attach to a binder in order to harvest their wheat crop, and that with this information upon its part it had agreed to furnish the same in time for the said parties to harvest their crop, but that it failed and refused to comply with its agreement, in that it failed to ship all the attachments ordered, and as a result damages accrued to said crop by the delay in obtaining the same, for which judgment was sought.

The company entered a general denial, and especially asserted that it had no information as to the purposes for which said machinery was purchased, or that said parties had any crop to be harvested. This issue was presented to the jury under proper instructions, and the jury decided from the evidence that the company had such

knowledge, and made said contract fully advised as to the purposes for which said articles were bought. There is some evidence to support the verdict, for in its letter of June 3d it says, "In this connection we wish to say there will be no possibility of a failure in harvesting your crop," and the entire correspondence contained statements sufficient to take this to the jury. We cannot disturb the verdict for that reason. In Mackey v. Boswell, 63 Okla. 20, 162 Pac. 193, this court said:

"Loss of profits in being unable to plant, cultivate, and harvest a crop, if within the contemplation of the parties at the time a contract is made, and was such a loss or damage as flowed directly or proximately from the breach of such contract, and is capable of accurate measurement or estimate, is recoverable in an action for damages for the breach of such contract."

And in this case the following authorities are cited: Ft. S. & W. Ry. Co. v. Williams, 30 Okla. 726, 121 Pac. 275. 40 L. R. A. (N. S.) 494; First State Bank of Manville v. Howell, 41 Okla. 216, 137 Pac. 657.

And in Van Sickle v. Franklin, 62 Okla. 284, 162 Pac. 950, it is held:

"Compensation for a wrong done as to which law gives a remedy should be equal to injury sustained, so as to place injured party as near as may be in the situation he would have occupied but for the wrong."

And in B. B. B. Co. v. Estes Drug Co., 63 Okla. 117, 163 Pac. 277, this court held:

"3. By sections 2865 and 2866, Rev. Laws Okla. 1910, the detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with over its actual value at that time together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.

"4. A person damaged by the breach of the warranty of the fitness of an article of personal property for a particular purpose may recover anticipated profits, where the business of which plaintiff was deprived was contemplated, or can reasonably be presumed to have been contemplated, by the parties when the contract was made, and it is reasonably certain that gain or profit would have been derived therefrom, although the amount of such gain, to some extent, may be somewhat speculative and uncertain. It being apparent that some loss was suffered, it is then entirely proper to let the jury determine what the loss probably was from the best evidence the nature of the case affords."

And in the body of the opinion it is said:

"We think the instruction by the court is a substantially correct statement of the law governing damages for anticipated profits." Section 2866, Rev. Laws Okla. 1910, provides: 'The detriment caused by the breach of a warranty of the fitness of an article of personal property for a particular purpose is deemed to be that which is defined in the last section (the excess, if any, of the value which the property would have had, at the time to which the warranty referred, if it had been complied with, over its actual value at that time), together with a fair compensation for the loss incurred by an effort in good faith to use it for such purpose.' Obviously the purpose of the statute is to award fair compensation for the loss incurred by a person by his effort in good faith to use the article of personal property for the particular purpose for which it was sold. In such circumstances, the party damaged is not precluded from recovering anticipated profits merely because they are such, since the loss of anticipated profits is a damage that should be compensated for just as much as is the destruction of property. Uncertainty as to the amount of damages does not prevent recovery, but uncertainty as to whether any benefit or gain would have been derived at all does bar a claim for damages. If it is reasonably certain that a gain or benefit has been prevented, then plaintiff is entitled to damages for the amount of that gain or benefit. This is substantially what the court instructed the jury. In Muskogee Electric Traction Co. v. Eaton (49 Okla. 344) 152 Pac. 1109, the court, in discussing a somewhat similar question, said: 'That the plaintiff suffered some detriment by being completely incapacitated for carrying on his usual business for a considerable period of time cannot be gainsaid, and in some degree, of course, the extent of his loss must be somewhat speculative and uncertain. But to our mind that is not a sufficient reason for allowing him no recovery at all. The term 'purely speculative damages' does not embrace earnings which one may' reasonably expect to make by following a wholly legitimate business merely because they are not susceptible of accurate proof In such cases the law only requires the character of proof of which the particular issue in the case, in the inherent nature of things, is susceptible. Dean v. Railroad, 199 Mo. 397, 97 S. W. 910. As was held in another case: The rule against the recovery of uncertain damages relates to uncertainty as to the cause rather than to uncertainty as to the measure or extent. The jury is vested with the function of making certain that which, in its very nature, is uncertain by reducing to a pecuniary value elements which, of themselves, carry no standard by which such value may be measured with certainty. Brokerage Co.

v. Campbell, 164 Mo. App. 8, 147 S. W. 545. It being apparent that some loss was suffered, it was entirely proper to let the jury determine what the loss probably was from the best evidence the nature of the case admitted.' Other cases perhaps more directly in point to the same effect are: Ft. Smith & W. R. Co. v. Williams, 30 Okla. 726, 121 Pac. 275, 40 L. R. A. (N. S.) 494; Wellington v. Spencer, 37 Okla. 461, 132 Pac. 675, 56 L. R. A. (N. S.) 469); Gas Co. v. Glass Co., 56 Kan. 622, 44 Pac. 621, 54 Am. St. Rep. 598; McGinnis v. Studebaker Corporation of America, 75 Or. 519, 146 Pac. 825, 147 Pac. 525, L. R. A. 1916B, 868 (Ann. Cas. 1917B, 1190); Border City Ice & Coal Co. v. Adams, 69 Ark. 219, 62 S. W. 591; Anvil Mill Co. v. Humble et al., 153 U S. 540, 14 Sup. Ct. 876, 38 L. Ed. 814."

Mr. Elliott, in his work on Contracts (volume 5, § 5107), says:

"The measure of damages in general is the loss directly and naturally resulting in the ordinary course of events from the seller's breach of contract or such as may reasonably be presumed to have been contemplated by the parties when the contract was made. Special damages may be recovered in a proper case. And in section 5117 thereof it is said: 'It is evident that the seller can seldom, if ever, suffer any special damages, but the buyer often suffers special or consequential damages by the seller's breach of contract, and where they are not too remote or merely speculative the buyer may recover such damages. Thus, where goods are bought for a special purpose known to the seller, the buyer may recover special damages proximately caused by the breach. * * * "

We find no error here, and the judgment of the lower court is affirmed.

By the Court: It is so ordered.