**STUMPF et al. v. PEDERSON et al.**

No. 27248.    June 29, 1937.

C. W. Clift and N. J. Futoransky, for plaintiffs in error.

W. P. Morrison, John Morrison, and Ralph H. Schaller, for defendants in error.

HURST, J. This is an action to recover damages for wrongful attachment of an automobile. The case arose as follows: Lucy C. Pederson and Oleta Hubbard, plaintiffs, were operating a cold drink and lunch stand near Crescent, in the oil field, which is about 15 miles from Guthrie. They lived in Guthrie, and used the automobile to drive to and from the place of business. On December 13, 1933, while they were in Oklahoma City to appear before the Tax Commission, pursuant to a subpoena, J. M. Stumpf sued them in the justice court in Oklahoma City and attached the automobile, which belonged to Oleta Hubbard. They employed attorneys and filed a motion to dissolve the attachment because they were improperly served in Oklahoma county. This motion was sustained, and Stumpf appealed to the court of common pleas, executed an appeal bond in the sum of $500, signed by himself and Jewel M. Baker. The court of common pleas dissolved the attachment,

and Stumpf appealed to this court, executing a supersedeas bond in the sum of $600, signed by himself and Jewel M. Baker. The original attachment bond was for $175, and was signed by J. M. Stumpf and Mary Stumpf. The appeal was dismissed by this court. Stumpf v. Pederson (1935) 171 Okla. 145, 40 P. (2d) 15. After the dismissal of the appeal in this court, the plaintiff filed suit against J. M. Stumpf, Mary Stumpf, and Jewel M. Baker, on all three of the bonds referred to, praying for actual damages in the sum of $1,677.90, and punitive damages in the sum of $800, on the ground that in obtaining the attachment order and in appealing from the order dissolving the attachment he acted maliciously and oppressively. J. M. Stumpf filed an answer, and the defendants Mary Stumpf and Jewel M. Baker filed a separate answer consisting of a general denial and a special denial of liability for more than the amount of the bonds they signed. The defendants did not raise the question of misjoinder of causes of action on the various bonds. The jury returned a verdict for the plaintiffs, and against all of the defendants, in the sum of $400 for exemplary damages, and $1,662.90 actual damages, which included the following items: Loss of anticipated profits from the lunch and cold drink stand, $500; loss of use of the automobile, $500; depreciation in the value of the automobile, $235; attorneys' fees and trial expenses, $427.90. It appears that the car sold for $15 and that is probably the reason the jury did not allow actual damages in the full sum sued for. The court limited the liability of Mary Stumpf and Jewel M. Baker to the principal amount of the bonds they signed.

J. M. Stumpf having died, this appeal is prosecuted by Mary Stumpf, Jewel M. Baker, and Jewel M. Baker, administratrix of the estate of J. M. Stumpf, deceased.

1. The defendants first urge that the court was not justified under the evidence in rendering judgment for $400 for punitive damages, and that the court erred in rejecting evidence offered by the defendants. When exemplary damages are sought for wrongful attachment, this court has held that the plaintiff must allege and prove both malice and want of probable cause. Reliable Mut. Hail Ins. Co. v. Roger (1916) 61 Okla. 226, 160 P. 914. The plaintiffs failed to prove want of probable cause. The defendants offered to prove that when

Stumpf attached the automobile he was advised by his attorney that he had the right to attach it in Oklahoma county, and that he acted in good faith in doing so. This offer was rejected. This evidence was admissible in connection with the claim for punitive damages. 5 Am. Jur. 200, 201. In no event were the sureties on the bonds liable for punitive damages. Floyd v. Anderson (1912) 36 Okla. 308, 128 P. 249, 43 L. R. A. (N. S.) 788, Ann. Cas. 1915A, 348. The record does not sustain the judgment for exemplary damages.

2. It is next urged that the court committed error in allowing the plaintiffs $500 for loss of anticipated profits. If this attachment had been of the stock of goods and the business had been closed by the attachment, the plaintiff on proper proof would have been entitled to this item of damages. 5 Am. Jur. 210; 6 C. J. 540; Wellington v. Spencer (1913) 37 Okla. 461, 132 P. 675, 46 L. R. A. (N. S.) 469. However, they could have rented a car, or purchased another car, to use, and if they had done so, they would have lost no profit by reason of the attachment of the car. Barse Live-Stock Commission Co. v. McKinster (1901) 10 Okla. 708, 64 P. 14; 5 Am. Jur. 207. The closing of the business was only indirectly attributable to the attachment and could have been avoided. 6 C. J. 537; Lang v. Fritz (Tex. Civ. App.) 38 S. W. 233. The loss of profits under such circumstances is too remote, speculative, and conjectural on which to base a judgment for damages therefor. Keener Oil & Gas Co. v. Stewart (1935) 172 Okla. 143, 45 P. (2d) 121: Bokoshe Smokeless Coal Co. v. Bray (1916) 55 Okla. 446, 155 P. 226. Furthermore, the instructions did not specify this as one of the items of recoverable damages.

3. It is next urged that the award of $500 for loss of use of the automobile was not supported by competent evidence. The only evidence bearing upon this issue was the testimony of Oleta Hubbard to the effect that at Ardmore she paid $7.50 per day for the use of a car, and 10c per mile for the use of a car at Muskogee. There was no evidence of the usable value of the attached car in the vicinity of Guthrie, and there is no evidence to justify this item of damages.

4. The verdict included $325 for depreciation in the value of the attached automobile during the time plaintiffs were deprived of its possession. There is competent evidence to support this item of damages, and the law authorizes its recovery. 6 C. J. 538; 5 Am. Jur. 208; Van Sickle v. Franklin (1917) 62 Okla. 284, 162 P. 950.

It is next urged that the evidence does not support the judgment for $400 for attorneys' fees in getting the attachment dissolved and $27.90 expenses of the plaintiffs in attending court in the attachment proceedings. There is evidence of these items of expense. The testimony shows that the attorney for the plaintiffs charged $400 in connection with the attachment proceedings, including the proceedings in the justice court, the court of common pleas, and the Supreme Court, and that said sum was reasonable. There is, therefore, evidence to support this item of damages, and it is recoverable. 5 Am. Jur. 212; Bash v. Howard (1910) 27 Okla. 462, 112 P. 1125.

This disposes of all the contentions of the parties, and unless the plaintiffs shall within ten days from the time this opinion becomes final file with the clerk of this court a remittitur of all in excess of $662.90 (the items to be remitted being for punitive damages, loss of anticipated profits, and loss of the use of the automobile), the judgment shall be reversed for a new trial, otherwise the judgment will be affirmed for the amount of $662.90.

OSBORN, C. J., BAYLESS, V. C. J., and CORN and GIBSON, JJ., concur.